**Dismissed and Memorandum Opinion filed April 14, 2016.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-16-00228-CR

---

### BRIAN MCCLELLAND, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 232nd District Court
Harris County, Texas
Trial Court Cause No. 1469735**

---

## M E M O R A N D U M   O P I N I O N

On September 15, 2015, appellant entered a guilty plea to the offense of harassment of a public servant. In accordance with a plea bargain agreement with the State, the trial court deferred adjudication of appellant's guilt and placed him on two years' deferred-adjudication community supervision. On October 12, 2015, the State filed a motion to adjudicate appellant's guilt on the grounds that he violated the terms of his community supervision. After a plea of not true to the

State's motion, the trial court found at least one of the allegations true and adjudicated appellant's guilt on January 28, 2016. The trial court assessed punishment at imprisonment for four years. No timely motion for new trial was filed. Appellant's notice of appeal was not filed until March 7, 2016.[1]

A defendant's notice of appeal must be filed within 30 days after sentence is imposed when the defendant has not filed a motion for new trial. *See* Tex. R. App. P. 26.2(a)(1). A notice of appeal that complies with the requirements of Rule 26 is essential to vest the court of appeals with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. Under those circumstances it can take no action other than to dismiss the appeal. *Id.*

Accordingly, the appeal is ordered dismissed.

PER CURIAM

Panel consists of Justices Busby, Donovan, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).

---

[1] The record reflects that appellant mailed his notice of appeal on March 3, 2016, which is also outside the time required by Rule 26.